IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL CAOUETTE,

    Plaintiff,

vs.                              No. CV 18-00853 JCH/JHR

NEW MEXICO CORRECTIONS DEPT. (NMCD),
SECURITY STAFF AND WARDEN OF GUADALUPE
COUNTY CORRECTIONAL FACILITY,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT HORTON'S MOTION TO DISMISS

THIS MATTER is before the Court under Fed. R. Civ. P. 12(b)(6) on the Motion to Dismiss filed by Defendant Vincent Horton as Warden of Guadalupe County Correctional Facility (Doc. 3). The Court grants Defendant Horton's Motion to Dismiss and dismisses all federal claims against Defendant Warden Horton for failure to state a claim on which relief can be granted.[1]

### I. Factual and Procedural Background

This pro se prisoner civil rights case was filed in the State of New Mexico, County of Guadalupe, Fourth Judicial District Court, and removed to this Court by the Defendant, Warden Vincent Horton, on September 11, 2018. (Doc. 1, 1-1). Plaintiff Caouette states that his action "is a civil action authorized by 42 U.S.C. § 1983" and that "[t]he court also has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. Section 1367." (Doc. 9 at 1). Defendant Horton filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on September 17, 2018.

---

[1] Defendant's Motion does not address any state law claims against Horton. The Court has not completed its preliminary screening under 28 U.S.C. § 1915A and expresses no opinion at this time as to whether the Complaint states a state-law claim against Warden Horton or a state or federal claim against any other Defendant.

1

(Doc. 3). Defendant Horton seeks dismissal of the federal claims against him on the grounds that the Complaint fails to state a § 1983 claim upon which relief can be granted. (Doc. 3). Plaintiff Caouette did not file a response to the Motion to Dismiss but, instead, filed a Motion to Amend, asking leave to amend his Complaint. (Doc. 6). Without waiting for a ruling on his Motion to Amend, Plaintiff Caouette filed his Amended Complaint on November 18, 2018. (Doc. 9). Defendant Horton has responded that the allegations of the Amended Complaint still do not state a § 1983 claim for relief against Warden Horton. (Doc. 14).

Plaintiff Caouette's original Complaint identifies "Warden of Guadalupe County Correctional Facility" and "Warden Horton" as a Defendant in this case. (Doc. 1-1 at 1, 2). Other than identification of Warden Horton as a Defendant, there is no other allegation against Warden Horton in the original Complaint. Plaintiff Caouette's Amended Complaint expressly names "V. Horton, Warden" as a Defendant. (Doc. 9 at 1). The Amended Complaint states:

> " III.) Defendants  Defendant V. Horton is the Warden of Guadalupe County Correctional Facility.  He is legally responsible for the operation of Guadalupe County Correctional Facility and for the welfare of all inmates in that prison. . .."

(Doc. 9 at ¶ 4). The detailed "IV. Facts" section of Plaintiff Caouette's Amended Complaint does contain a single factual allegation regarding Warden Horton. (Doc. 9 at 2-9). In "VI. Legal Claims," Plaintiff Caouette claims Warden Horton "operate[s] a prison facility (GCCF) severely understaffed leading to fights among inmates and sexual abuse of the Plaintiff." (Doc. 9 at ¶ 68). Caouette seeks to hold Warden Horton vicariously liable for the failure of GCCF "to adequately train security staff to follow procedure rules and laws applicable to protecting inmates from each other . . . to collect or attempt to collect any evidence such as bed sheets towels or any other item that may have been evidence from Mr. Caouette's cell . . . [and for violation of] due process laws

and cruel and unusual punishment by allowing the plaintiff to stay in the facility after being notified of Mr Caouettes fears history and charges." (Doc. 9 at ¶¶ 69, 70, 72).

## II. The Law Regarding Dismissal for Failure to State a Claim

Defendant Horton has filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). The Court may dismiss a claim for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Applying Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Plaintiff Caouette is proceeding pro se. In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

## III. The Claims Against Warden Horton Fail to State a § 1983 Claim

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S.

Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional

right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Plaintiff Caouette alleges that Defendant Horton, by virtue of his position as Warden of GCCF, is legally responsible for the wrongs claimed by Caouette in his Complaint. (Doc. 9 at ¶¶ 4, 68, 69, 70, 72). Plaintiff Caouette's Complaint does not make clear what Warden Horton did, individually, that Caouette claims violated Plaintiff's constitutional rights. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The Complaint contains no factual allegations that Warden Horton, through Warden Horton's own individual actions, violated the Constitution. *Iqbal,* 556 U.S. at 676.

Vicarious liability for acts allegedly committed by other GCCF officials forms the basis for Caouette's § 1983 claims against Warden Horton. *See* Doc. 9, ¶¶ 11-61 (factual allegations of conduct by other officials) and ¶ 4 (alleging legal responsibility of Warden Horton for operation of GCCF). However, defendant Horton may not be held vicariously liable solely on the basis of conduct by other GCCF officials. *Iqbal*, 556 U.S. at 676. The Complaint fails to state a § 1983 claim for relief against Defendant Horton. The Court will grant Horton's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss all federal civil rights claims against Defendant Horton.

**IT IS ORDERED** that Defendant Warden Horton's Motion to Dismiss (Doc. 3) is **GRANTED** and all federal claims against Defendant Horton are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

_____
UNITED STATES DISTRICT JUDGE